## Lance License

*George Loveland* and *Joseph F. Gallagher*, for appellant.

APONICK, J., March 23, 1955.—This is an appeal from an order of the Secretary of Revenue suspending appellant's operator's license because of failure to maintain proof of financial responsibility.

In his petition for the appeal, appellant sets forth that on or about October 11, 1950, he was arrested and later convicted for speeding. As a result, his license was suspended for 90 days. In lieu of such suspension, however, the Secretary of Revenue required appellant to furnish proof of financial responsibility. Appellant did this but on December 28, 1954, he was directed to surrender his operator's license because he failed to maintain the required proof. He alleges that the secretary abused his discretion in requiring the proof in lieu of suspension; he maintains that the circumstances of the speeding did not warrant a suspension, the speeding having taken place on a four-lane highway at about 9:30 a.m. on a dry road in clear weather with light traffic.

We are asked to review the secretary's action in requiring appellant "to establish proof of financial responsibility in lieu of a suspension of his operator's license as a result of his having exceeded the speed limit on or about October 11, 1950." The petition was filed January 10, 1955.

We are not going to decide whether appellant has the right of appeal. The secretary acted under the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, as amended, 75 PS §1277.1 et seq., which provides for no appeal except in certain cases not here involved. Appellant, on the other hand, is

proceeding under the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, as amended, specifically, under section 2 of the amendment of June 25, 1937, P. L. 2097, and section 14 of the amendment of May 12, 1949, P. L. 1299, 75 PS §1273(a), which reads:

"Any person whose motor vehicle registration, operator's license, or learner's permit has been suspended or revoked by the secretary under the provisions of this Act, or any person who has been required to establish proof of financial responsibility in lieu of a suspension or revocation, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing *de novo* in the matter in the Court of Common Pleas of the county in which the operator or permittee resides, or of the county of Dauphin in appeals filed by persons who are nonresidents of this Commonwealth, and such Court is hereby vested with jurisdiction, and it shall be its duty to set the matter down for a hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension or revocation, or either of them, of motor vehicle registration, operator's license, or learner's permit under the provisions of this Act": Acts of May 15, 1933, P. L. 553, sec. 22; June 25, 1937, P. L. 2097, sec. 2; May 12, 1949, P. L. 1299, sec. 14.

Appellant makes out an argument for his right of appeal under the one act from something done by the secretary under the other. But even if his right were clear, we would still have to quash or dismiss his appeal because of his noncompliance with the very act on which he relies.

There was no appeal ever taken when the secretary originally required the proof in 1951. The above quoted section requires that a petition for such appeal be filed within 30 days after being required to estab-

lish proof of financial responsibility in lieu of a suspension. As pointed out by appellant in his brief, the whole purpose of such an appeal is to review the secretary's discretion. In order to bring himself within the 30-day limit, appellant must argue that the secretary, in requiring proof of financial responsibility on December 28, 1954, was still exercising his discretion. But that is not what the acts say; under both, one proof of financial responsibility is required by the secretary, it must be maintained, and upon failure to so maintain, the secretary must suspend; his discretion ends when he first requires the proof. Thus section 16 of the 1933 Act, 75 PS §1268($a$), says that whenever a person has been required to furnish proof "it shall be obligatory upon such person thereafter to maintain such proof . . . and in the event that such proof lapses or becomes diminished in security or amount, it shall be the duty of the secretary to suspend the operator's license . . . until proof sufficient in amount has again been furnished." So, too, section 28 of the 1945 act, 75 PS §1277.28, requires the secretary to suspend pending the filing of other proof whenever "any proof of financial responsibility . . . no longer fulfills the purposes for which required. . . ." Section 31 of the same act, 75 PS §1277.31, requires any person "whose policy of insurance or bond, when required under this Act, shall have been cancelled or terminated, or who shall neglect to furnish other proof upon request of the secretary, shall immediately return his license . . . to the secretary. If any person shall fail to return . . . the secretary shall forthwith direct any peace officer to secure possession thereof and to return the same to the secretary."

For the foregoing reason, there is nothing before us to review.

Accordingly, the appeal is dismissed.